**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MICHAEL JACKSON POWELL, 324996  \*
        Plaintiff
    v.      \*    CIVIL ACTION NO. RWT-05-170

EUGENE M. NUTH, *et al.*    \*
        Defendants.
                   \*\*\*

**<u>MEMORANDUM OPINION</u>**

By way of review, on January 7, 2005, Michael Jackson Powell, who is now confined at a Maryland Division of Correction prison facility, filed documents seeking to "reopen the stay" imposed on June 13, 1983, in the case of <u>Powell v. Nuth, et al.</u>, Civil Action No. M-78-1095.[1]  On February 28, 2005, the undersigned : (i) directed that the old case was to proceed under the new case number; (ii) directed the Clerk to amend the docket to include the names of additional Defendants; (iii) directed that the Archives file of the case be retained; (iv) directed the Office of Law for Baltimore County, Maryland to furnish a status report; and (vi) stayed the case until such time as the status report was filed. (Paper No. 3). Plaintiff filed an interlocutory appeal. A status report was received by the Court on May 6, 2005. (Paper No. 7). Plaintiff subsequently filed a Motion to Reopen Discovery and for Discovery Conference, a Motion for Judicial Notice, and a Supplemental Motion for Judicial Notice. (Paper Nos. 8, 9, & 11). On June 20, 2006, the United States Court of Appeals for the Fourth Circuit issued its mandate dismissing the interlocutory appeal.

---

[1] The documents were docketed under the above-captioned case. All necessary materials were retrieved from Federal Court Archives.

The history of Powell v. Nuth, et al., Civil Action No. M-78-1095 follows. On June 19, 1978, Plaintiff filed a 42 U.S.C. § 1983 civil rights action against prison and medical staff at the old Baltimore County Jail ("BCJ") and St. Joseph's Hospital alleging that from June 21, 1977, until his transfer back to a state prison in Pennsylvania,[2] he was denied medical care and housing for back and neck injuries sustained when he slipped and slid down a stairwell at BCJ.[3] Powell v. Nuth, et al., Civil Action No. M-78-1095 at Paper No. 1. Plaintiff also claimed that the conditions of BCJ were inhumane and violated his Fourteenth Amendment rights as a pre-trial detainee.[4] Id. Plaintiff prayed a jury trial and sought declaratory and injunctive relief and compensatory and punitive damages.

---

[2] It is believed that Plaintiff was transferred out of BCJ on or about July 19, 1977. Powell v. Nuth, et al., Civil Action No. M-78-1095 at Paper No. 14.

[3] Specifically, Plaintiff alleged that on June 21, 1977, he slipped and fell in a pool of water which had accumulated on a rear stairway in the area of the BCJ third floor, holding Cell #13, causing him to slide down the stairs and "frequently" bump his lower back, upper and middle back, neck, and the back of his head. Powell v. Nuth, et al., Civil Action No. M-78-1095 at Paper No. 1. He seemingly claimed that given the conditions of the stairway and the mass prisoner movement to the dining hall, the stairway posed a safety hazard. Id. Plaintiff further asserted that he was taken by ambulance to St. Joseph Medical Center, where a hospital physician failed to provide him proper medical care. He also complained that when he was transported back to BCJ, the driver of the van drove recklessly, causing him to slam into the rear door and front wall section of the van. Id.

Moreover, Plaintiff alleged that upon his return to BCJ he was placed on a bunk in the disciplinary segregation unit. Id. He asserts that his requests for medication and to be placed in the infirmary were denied on June 21, 1977, and that he was not provided medication until midday June 22, 1977. Plaintiff claimed that it was on that date that a BCJ nurse noted his condition and called for an ambulance to transport him back to St. Joseph's Medical Center. Id. He stated that he was given a blood test, received an orthopedic evaluation, and was given an injection of pain medication.

Plaintiff alleged that he was later transported back to BCJ and placed back into the disciplinary segregation unit. Id. He claimed that: (i) his requests for pain medication and medical attention were ignored; (ii) although he could not move, his meals were not provided directly to him; and (iii) a physician's recommendation that Plaintiff be assigned to the infirmary went unheeded. Id. Plaintiff asserted that it was not until July 12 and July 13, 1977, that he was provided medical attention for his neck and was placed in the BCJ infirmary. He complained, however, that he was moved out of the infirmary and placed back into the original holding cell on July 16, 1977. Id,

[4] Plaintiff claimed that: (i) the BCJ holding cell was overcrowded; (ii) the holding cell was unfit and unhealthy for humans due to the close proximity of the sinks and toilets; and (iii) the bedding contained highly flammable material. Powell v. Nuth, et al., Civil Action No. M-78-1095 at Paper No. 1.

In subsequent pleadings, Plaintiff filed multiple supplemental constitutional claims against Defendant Nuth and personnel at the State Correctional Institutions in Huntingdon and Pittsburgh, Pennsylvania.  See Powell v. Nuth, et al., Civil Action No. M-78-1095, Paper Nos. 5 & 7.  Plaintiff subsequently sought leave to amend his complaint to invoke this Court's federal question and diversity jurisdiction and to add additional parties.[5]  Id. at Paper Nos. 11, 16, & 22.

On August 16, 1978, Defendants Nuth, Allison, Harbin, Hudson, Williams, Heiss, Bartenfelder, County Jail Nurse, Dr. O'Donnell, Knott, Hoey, Ford, and an Unidentified Baltimore County Police Officer filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment.[6]  Id. at Paper No. 8.  Plaintiff filed an omnibus Motion seeking judgment on the pleadings, discovery, a pre-trial conference, and injunctive relief.  He also filed a "Supplemental Brief" in support of the earlier Motion.[7]  Id. at Paper Nos. 10 & 12.  In addition, Plaintiff filed several opposition responses and affidavits which contained additional and augmented factual allegations regarding the conditions of BCJ confinement.  Id. at Paper Nos. 24, 28, & 31.

In response to court order, Defendants filed a Supplemental and Second Supplemental Memorandum in support of their summary judgment motion.  Id. at Paper Nos. 33 & 39.  Plaintiff filed Opposition responses thereto.  Id. at Paper Nos. 34 & 37.

---

[5]  Plaintiff further filed a Motion for Extension of Time, a Motion for Preliminary Hearing, a Motion to Strike Defendants' dispositive pleadings, and a Motion to Compel Discovery   Powell v. Nuth, et al., Civil Action No. M-78-1095 at Paper Nos. 17, 35, 38 & 55.   Defendants filed a Motion for Protective Order and a Motion to Strike Plaintiff's Motion for Preliminary Hearing.  Id. at Paper Nos. 18 & 36.  According to the record, none of these Motions were ruled on by this Court.

[6]  This dispositive motion did not respond directly to Plaintiff's conditions of confinement claim

[7]  A supplemental brief was filed on August 30, 1978.  Powell v. Nuth, et al., Civil Action No. M-78-1095 at Paper No. 12.

On June 11, 1980, the Honorable Shirley B. Jones issued a Memorandum Opinion and Order staying all proceedings pending Plaintiff's return to federal custody.[8]   See Powell v. Nuth, et al., Civil Action No. M-78-1095 at Paper No. 45.  Judge Jones noted that there were no federal funds available to transport out-of-state non-federal prisoner/claimants in civil rights cases and that the Court was without jurisdiction to order Maryland or Baltimore County officials to transport Plaintiff from Pennsylvania.  Id.  Plaintiff was directed to inform this Court within 30 days of his return to federal custody of his desire to pursue this litigation.  Id..

Plaintiff's reconsideration request to lift the stay was denied.  Id. at Paper Nos. 46-47, 51-54.  On August 17, 1981, Judge Jones did, however, grant Plaintiff leave to file interrogatories propounded on Defendants Nuth and O'Donnell.  Id. at Paper No. 54.  All other requests for discovery were to be examined on a case-by-case basis.  Id.  Plaintiff filed an appeal of the June, 1980 and August, 1981 Orders.

The case subsequently was reassigned to the Honorable James R. Miller Jr.  On June 13, 1983, Judge Miller administratively closed the case, subject to Plaintiff's right to reopen the case at such time as he was again present in this judicial district or until the stay was lifted at the direction of the appellate court.  Id. at Paper No. 62.  Plaintiff noted an appeal of that Order.  Id. at Paper No. 63.

Plaintiff's appeals were dismissed by the United States Court of Appeals for the Fourth Circuit on March 31, 1983, and November 28, 1983.  Id. at Paper Nos. 64 & 65.  His petition for certiorari to the Supreme Court was denied on November 14, 1983.

---

[8]   Judge Jones additionally held that Plaintiff's release from BCJ mooted all claims with the exception of his damage claims.  Powell v. Nuth, et al., Civil Action No. M-78-1095 at Paper No. 45.

On April 3, 1984, Plaintiff notified this Court that he had been returned to federal custody, pursuant to Judge Jones's June, 1980 Order. See Powell v. Nuth, et al., Civil Action No. M-78-1095 at Paper No. 66. He later sought clarification of Judge Jones's Order and on November 7, 1984, Judge Miller wrote Plaintiff informing him that the case will remain closed "until you are in a position to be present in this judicial district." Id. at Paper No. 69.

Plaintiff was apparently paroled to his Federal and Maryland detainers in 1998, and remained in custody of the U.S. Bureau of Prisons for several years. (Paper No. 1). Plaintiff was released from federal custody on January 4, 2005, transferred to the Maryland Division of Correction, and thereafter filed to reopen Powell v. Nuth, et al., Civil Action No. M-78-1095.

The Court suspected that this case would be rife with administrative, procedural, and substantive problems. Its suspicions were well-founded. As previously noted, the underlying cause of action arose over twenty-eight years ago and the case was closed for over twenty years. During the interim period, no routine status reports were ordered related to record-keeping practices and the employment status or whereabouts of Defendants. The County Attorney now indicates that: (i) the County is no longer in possession of any records that pertain to Plaintiff's 1977 BCJ confinement and no longer in possession of any personnel records or files pertaining to Defendants;[9] (ii) only three of the Defendants remain employed by Baltimore County, while other Defendants have resigned, retired, passed away, or have otherwise been terminated from employment; and (iii) a number of Defendants are not specifically identified. (Paper No. 7).

The County Attorney asserts that if the case proceeds the County will seek summary judgment in this matter. (Id.). Counsel seemingly asks that the case be dismissed with prejudice as "the County's ability to defend itself in this matter, and in particular these current and former

---

[9] The County Attorney did provide some 17 pages of medical records taken from Plaintiff's 1977 confinement. (Paper No. 7).

employees, is severely and unfairly prejudiced." (Id.). The undersigned has re-examined the docket and pleadings filed in Powell v. Nuth, et al., Civil Action No. M-78-1095, as well as the docket in this case. It finds it appropriate for the case to go forward at this time. The undersigned notes, however that because of the claims raised in the exhaustive original complaint and numerous amended pleadings it is not clear what precise factual allegations are currently before the Court and are to be answered by Defendants.[10] See Fed. R. Civ. P. 8. Therefore, the Court concludes that most fair and equitable way in which to proceed is to require Plaintiff to file an all-encompassing amended complaint, reflecting: (i) properly named party defendants; (ii) the jurisdictional basis for the complaint; (iii) a clear and concise factual statement of his claims, and (iii) what relief he wants from this Court. Plaintiff shall be provided a copy of the docket of Powell v. Nuth, et al., Civil Action No. M-78-1095, as well as the original complaint and all pleadings containing amended allegations.[11] The amended complaint shall then be subject to judicial review and, if appropriate, answer, discovery, and dispositive motion practice scheduling.[12] A separate Order shall be entered reflecting this opinion.

Date: 2/28/06                                    /s/
                                    ROGER W. TITUS
                                    UNITED STATES DISTRICT JUDGE

---

[10]  The undersigned observes that between 1978 and 1980, the Court failed to issue any rulings on Plaintiff's obvious attempts to amend his original allegations.

[11]  See Powell v. Nuth, et al., Civil Action No. M-78-1095, Paper Nos. 1, 5, 7, 11, 16, 22, 24, 28, & 31.

[12]  In light of this determination, Plaintiff's Motion to Reopen Discovery and for Discovery Conference, Motion for Judicial Notice, and Supplemental Motion for Judicial Notice shall be denied without prejudice.